IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:22-cr-00208-RMR

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. JOSE GALIANO,
    a/k/a JOSE GALIANO APAZA,

      Defendant.

---

**GOVERNMENT'S UNOPPOSED MOTION FOR A PROTECTIVE ORDER**

---

The United States of America (the government) respectfully requests that the Court authorize the disclosure of the information described below to the defendant and enter a protective order applicable to certain discovery materials. This request is consistent with Federal Rule of Criminal Procedure 16(d)(1), which allows the Court to regulate discovery and restrict discovery or inspection for good cause.

The government has conferred with defense counsel, who does not oppose this motion. The government submits that no hearing is required.

**I.**    **Basis for the Requested Protective Order**

The defendant is charged with Aggravated Sexual Abuse, in violation of 18 U.S.C. § 2241(a)(1). The defendant is a Peruvian cadet at the United States Air Force Academy, and the victim in this case is a fellow cadet.

The discovery includes references to personal identifying information of the victim, including but not limited to her name, initials, date of birth, address, and phone number. Because the victim is a female cadet at the United States Air Force Academy, which has a relatively small enrollment, disclosure of any personal identifying information could lead to a public revelation of her identity. At this stage of the case, public disclosure of the victim's identity is not warranted. Yet, redaction of such material would likely deprive the defendant of information which may be necessary to analyze the evidence and prepare for trial.

Accordingly, the government requests that the Court grant its proposed protective order pertaining to the victim's personal identifying information. The protective order would deem such information confidential and would disallow the public dissemination of it without prior approval by the Court.

II.     **Scope of the Requested Protective Order**

The government requests an order be issued with the following terms and conditions.

1.     This Protective Order shall apply all documents, materials, audio, video or other objects produced under Fed. R. Crim. P. 16 in this and marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" ("Confidential Information").

2.     The following may be designated and disclosed as Confidential Information: any materials that reference personal identifying information of the victim, including but not limited to her name, initials, date of birth, and contact information.

3.     Confidential Information may be disclosed to the defendant's attorney in

the course of discovery in this case to expedite the flow of discovery material among the parties, facilitate the prompt resolution of disputes over confidentiality, and ensure that protection is afforded only to material so entitled.

4. The protections granted by this Protective Order shall not be waived.

5. The defendant, including defense counsel and his staff, may use the Confidential Information only for purposes of the litigation.

6. Confidential Information may not be publicly disseminated without prior approval by the Court.

7. Defense counsel will take reasonable measures to ensure that counsel and members of the defense team safeguard the above-referenced information.

8. For all filings in the course of this case, a pseudonym shall be used to refer to the victim, such as "Victim #1."

9. All materials to be filed with the Court, including any attachments or exhibits to motions, which contain Confidential Information shall be filed under level 2 restriction without necessity of obtaining a Court order.

10. The defense may object to the designation of discovery as Confidential Information. Objections shall be filed within the deadline for filing of pretrial motions or no later than 10 days after receipt of discovery if tendered after the motions filing deadline.

11. Before filing any objection under paragraph 10, the defendant must confer with counsel for the government to attempt to resolve the issue.

12. The Court may modify this Protective Order where good cause is shown.

### III. Conclusion

For the reasons stated above, the government requests the issuance of a protective order applicable to discovery within the scope identified above. The government submits the Court may issue a decision without a hearing.

        Respectfully submitted,

        COLE FINEGAN
        United States Attorney

By:    /s/ Thomas Minser
        THOMAS MINSER
        Assistant United States Attorney
        1801 California St., Suite 1600
        Denver, Colorado 80202
        Phone: (303) 454-0203
        Fax: (303) 454-0405
        E-mail: Thomas.Minser@usdoj.gov
        Attorney for the United States

### CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of June, 2022, I electronically filed the foregoing **UNOPPOSED MOTION FOR PROTECTIVE ORDER** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

        s/ Deana Ambrosen
        Legal Assistant
        United States Attorney's Office