**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 22-cr-208-RMR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.   JOSE GALIANO,
         a/k/a JOSE GALIANO APAZA,

    Defendant.

---

### *UNOPPOSED* MOTION FOR AN ENDS OF JUSTICE CONTINUENCE OF TRIAL AND RELATED DATES

---

Defendant Jose Galiano Apaza ("Defendant"), by and through counsel, Mark Edward Scabavea of SCABAVEA & ASSOCAIATES, LLC, respectfully moves for an Order, pursuant to Title 18 U.S.C. § 3161(h)(1) and (7)(A), for a 90 day ends of justice continuance of the jury trial currently set for August 29, 2022 - September 2, 2022.  In support of said Motion, Defendant states as follows:

### I.  CONFERRAL

On July 1, 2022, undersigned counsel conferred with the Assistant United States Attorneys Thomas Minser and Albert Buchman via email.  This motion is *unopposed*.

### II.  MOTION

Defendant is charged in a single count indictment dated June 22, 2022, of Aggravated Sexual Abuse,18 U.S.C. §§ 2241(a)(1)

The following dates have been scheduled in this case:

1

      a.    Pretrial Motions deadline - July 18, 2022 [Doc. No. 14].

      b.    Motions responses deadline - August 1, 2022 [Id.]

      c.    Evidentiary Hearing on Motions deadline - August 3, 2022. [Id.]

      d.    Final Trial Preparation Conference/Change of Plea Hearing - August 11, 2022 at 11:00AM. [Id.]

      e.    Five-day Jury Trial set to begin August 29, 2022. [Id.].

Defendant retained undersigned counsel June 28, 2022. [Doc. No. 5]. In addition, this case involves numerous atypical factors including:

      a.    Witnesses in the case involve numerous United States Air Force Academy Cadets who will be on summer assignments from present to on or about the week of August 1, 2022. Said witnesses will not be realistically available for interviews or trial preparation in time for a trial to commence on August 29, 2022, which will significantly inhibit undersigned counsel's ability to prepare for trial.

      b.    Undersigned counsel anticipates having his retained psychiatrist examine the alleged victim's mental health records.

      c.    Undersigned counsel anticipates requesting a psychological examination on the alleged victim.

Consistent with the guidance provided in *United States v. Toombs,* 574 F.3d 1262 (10th Cir. 2009), the factors that support the requested continuance pursuant to Title 18 U.S.C. § 3161(h)(1) and (7)(A) are:

      a.     **Whether a failure to grant the continuance would result in a miscarriage of justice**, *See* 18 U.S.C. § 3161(h)(7)(B)(i). The defense believes a miscarriage of justice would occur if the Defendant is forced to proceed to trial under the current time limitations without adequate time for undersigned counsel to properly review and analyze all of the discovery and investigative materials in this matter, interview and prepare necessary witnesses, have his retained psychiatrist review the alleged victim's mental health records and conduct a psychological evaluation on the alleged victim. The aforementioned is directly relevant to the count in this case.

      b.     **Whether a failure to grant the continuance would deny counsel for the Defendant reasonable time necessary for effective preparation, including the filing of pretrial motions, taking into account the exercise of due diligence**, *See* 18 U.S.C. § 3161(h)(1)(A). Failure to grant a continuance in this case would unreasonably deny counsel for Defendant the reasonable time necessary to both effectively advise Defendant as to his options, undersigned counsel's best professional advice regarding the best course of action, and, if necessary, effectively prepare for trial. As stated earlier, the need to interview and prepare witnesses, have a psychiatrist review alleged victims' mental health records and conduct a psychological examination on the alleged victim has a direct bearing on the allegations made by the government concerning the count in this case.

      c.     **Whether the case is so unusual or complex that it is unreasonable to expect adequate preparation for pretrial proceedings or**

3

**for the trial itself within the time limits established by the Speedy Trial Act,** *See* 18 U.S.C. § 3161(h)(7)(B)(ii).  While the charge itself is not complex, the case involves witnesses who would not reasonably be available to prepare for trial, the apparent illogical actions of the alleged victim which require psychiatric analysis, involvement of witnesses from multiple nations as well and the potential political implication, renders the analysis of this case complex.

It is respectfully submitted that it is in the interests of just to grant this Motion.  Further, no party will be prejudiced thereby.

### III.  CONCLUSION

WHEREFORE, Defendant Jose Galiano Apaza respectfully moves this Court for an order granting a 90 day ends of justice continuance of trial currently set for August 29, 2022, and modifying the attendant deadlines accordingly.

Respectfully submitted this 5th day of July, 2022.

**SCABAVEA & ASSOCIATES, LLC**

s/ Mark E. Scabavea
MARK EDWARD SCABAVEA
301 Sheridan Blvd.
Lakewood, Colorado 80226
Office:  (720) 646-7970
scabaveallc@icloud.com
*Attorney for Defendant*

4

## CERTIFICATE OF SERVICE (CM/ECF)

      I hereby certify that on July 5, 2022, I electronically filed the foregoing Unopposed Motion for an Ends of Justice Continuance of Trial and Related Dates with the Clerk of the Court using the CM/ECF system and/or electronic mail, which will send electronic notification to all the parties.

Thomas Misner
Thomas.Minser@usdoj.gov

Al Buchman
Al.Buchmean@usdog.gov

                              s/ Mark E. Scabavea
                              MARK EDWARD SCABAVEA
                              301 Sheridan Blvd.
                              Lakewood, Colorado 80226
                              Office: (720) 646-7970
                              scabaveallc@icloud.com