**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 22-cr-208-RMR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    JOSE GALIANO,
        a/k/a JOSE GALIANO APAZA,

    Defendant.

---

**MOTION FOR AN ORDER FOR DISCLOSURE OF ALLEGED VICTIM'S
MENTAL HEALTH RECORDS**

---

Defendant Jose Galiano Apaza ("Defendant"), by and through counsel, Mark Edward Scabavea of SCABAVEA & ASSOCAIATES, LLC, respectfully moves for an Order to disclose alleged victim's mental health records. In support of said Motion, Defendant states as follows:

**I.  CONFERRAL**

On October 5, 2022, undersigned counsel conferred with the Assistant United States Attorneys Thomas Minser and Albert Buchman via email. This motion is *opposed*.

**II.  STANDARD OF REVIEW**

In *People v. District Court*, 719 P.2d 722, 726-27 (Colo. 1986), the Colorado supreme court considered whether, in the absence of a waiver, a defendant might nonetheless be allowed some access to the victim's mental health records based on his rights under the Confrontation Clauses of the State

1

and Federal Constitutions. The court concluded that because there was no waiver or "particularized factual showing" that the defendant needed the records to effectively protect his confrontation rights, an in camera review was improper. *Id*. at 727. Thus, the court acknowledged that a "particularized factual showing" might overcome the protections of the psychologist-patient privilege in order to protect a defendant's constitutional rights. *Id*.

### III.  MOTION

Defendant requests an order for disclosure of the alleged victim's mental health records.  Specifically, defendant is attempting to discover any diagnosis or similar diagnosis of alleged victim being sociopathic, having a personality disorder or being clinically depressed.

Regarding the alleged victim's possible diagnoses of being sociopathic or personality disorder, the facts of this case indicate that alleged victim attempted to control defendant through threats.  Specifically, after five months of dating, and during an argument between the two, alleged victim told defendant that he "raped her" during the first time the two had intercourse.  In light of the fact that the two had intercourse on average four times a week, alleged victim's accusation of rape to defendant does not make logical sense.  However, a diagnosis of alleged victim being sociopathic or having a personality disorder would help to explain alleged victim's accusation.  This is buttressed by the fact that alleged victim would only state that defendant raped her during a heated argument between the two.  Moreover, alleged victim would never discuss the alleged rape in any type of normal setting - - it was only during arguments where defendant did not want

2

to exactly what alleged victim wanted him to do.  Alleged victim often would accompany the accusations of rape in a heated argument with violent behavior in instances where she would violently attack defendant.

Any diagnosis of sociopathy, personality disorder or similar diagnosis would also assist in explaining why the alleged victim would lie about being raped.  A sociopath is so cut off from caring about other's feelings, or even understanding them, they will lie to their own advantage and not feel any remorse.  A person with a personality disorder has trouble perceiving and relating to situations and people. This causes significant problems and limitations in relationships, social activities, work and school.

In the case at bar, that appears to be the case.  Alleged victim appears to have lied about being raped by defendant and she used that to her own advantage - - to control him - - without any remorse as she is fully cooperating with the prosecution of defendant.  Additionally, it indicates significant problems and limitations in relationships.  This is buttressed by the numerous lies of alleged victim undersigned counsel uncovered in his investigation.  These lies include, but are not limited to, 1) stating to investigators that alleged victim and defendant were "only friends" when numerous witnesses contradict that statement; 2) that she had intercourse with defendant only because she believed he would rape her anyway when that assertion was clearly contracted by alleged victims conduct; and 3) that defendant controlled the relationship when witnesses clearly contradict this statement indicating that it was alleged victim who clearly controlled the relationship.

These possible diagnoses may also explain the alleged victims illogical and controlling behavior. In just in one instance, defendant went with a friend to go eat at Five Guys hamburgers. Defendant did not tell or text alleged victim that he went to the restaurant with a friend. As a result, alleged victim had a conniption. Alleged victim, upon finding out that defendant went to Five Guys, proceeded to stay in defendant's dorm room, ridicule defendant's two roommates for at least fifteen minutes, and then publicly ridiculed defendant for his actions in front of his roommates and others. This behavior can be explained by sociopathy or a personality disorder.

In the instant case, alleged victim at first refused to cooperate with the prosecution, did not want defendant to go to trial and did not want anything adverse to happen to defendant. However, after two and a half months of being constantly persuaded by the sexual assault response coordinator, the Air Force office of special investigations and even her commanding officer, she eventually about faced and decided to fully cooperate with the prosecution. This indicates that she was easily persuaded to change her mind about the instant case. Someone who is depressed would be much more susceptible to changing their mind in such a manner.

## IV.  CONCLUSION

WHEREFORE, Defendant Jose Galiano Apaza respectfully moves this Court for an in camera review and subsequent order for alleged victim's mental health records consistent with this motion.

Respectfully submitted this 5th day of October, 2022.

                                          **SCABAVEA & ASSOCIATES, LLC**

                                          s/ Mark E. Scabavea
                                          MARK EDWARD SCABAVEA
                                          301 Sheridan Blvd.
                                          Lakewood, Colorado 80226
                                          Office:  (720) 646-7970
                                          scabaveallc@icloud.com
                                          *Attorney for Defendant*

**CERTIFICATE OF SERVICE (CM/ECF)**

   I hereby certify that on October 5, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and/or electronic mail, which will send electronic notification to all the parties.

Thomas Misner
Thomas.Minser@usdoj.gov

Al Buchman
Al.Buchmean@usdog.gov

             s/ Mark E. Scabavea
             MARK EDWARD SCABAVEA
             301 Sheridan Blvd.
             Lakewood, Colorado 80226
             Office: (720) 646-7970
             scabaveallc@icloud.com