IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Criminal Case No. 22-cr-00208-RMR-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSE GALIANO,
    a/k/a JOSE GALIANO APAZA,

    Defendant.

**ORDER DENYING DEFENDANT'S MOTION FOR DISCLOSURE OF ALLEGED VICTIM'S MENTAL HEALTH RECORDS**

This matter is before the Court on Defendant Jose Galiano's Motion for an Order for Disclosure of Alleged Victim's Mental Health Records, ECF 22. The government has responded in opposition. ECF 29. For the reasons stated below, the Court DENIES Defendant's motion.

Defendant seeks an order compelling disclosure of the alleged victim's mental health records in an "[attempt] to discover any diagnosis or similar diagnosis of alleged victim being sociopathic, having a personality disorder or being clinically depressed." ECF 22, p. 2. Defendant alleges that evidence of such a diagnosis might bear on the victim's mental state and credibility, and that he requires the information in order to prepare for cross examination at trial. In response, the government represents that it does not have

the records that Defendant seeks, nor is it aware that any such records exist. The government further affirms that it has provided Defendant with extensive discovery in this matter, consistent with its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and Rule 16 of the Federal Rules of Criminal Procedure, and that it will continue to provide supplemental disclosures as required.

It is well-settled that the government must permit a defendant to inspect tangible items within its "possession, custody, or control" if they are material to the defense, the government intends to use them in its case-in-chief, or they were obtained from the defendant. Fed. R. Crim. P. 16(a)(1)(E). Due process furthermore requires disclosure of evidence that is "favorable to [the] accused" and "material either to guilt or to punishment." *Brady*, 373 U.S. at 87. So-called *Brady* material includes both evidence that is exculpatory and evidence that can be used to impeach a prosecution witness whose credibility may be "determinative of guilt or innocence." *Giglio*, 405 U.S. at 154.

Based upon the scant record before the Court, it appears that the request by the Defendant is based upon nothing more than mere speculation that the alleged victim must suffer from some type of mental illness as the explanation for her accusations and cooperation with the prosecution. *See, e.g.*, ECF 22, p. 2 ("Any diagnosis of sociopathy, personality disorder or similar diagnosis would also assist in explaining why the alleged victim would lie about being raped."); *id*. ("Alleged victim appears to have lied about being raped by defendant and she used that to her own advantage - - to control him - - without any remorse as she is fully cooperating with the prosecution of defendant."); *id*. at p. 4 ("These possible diagnoses may also explain the alleged victims [sic] illogical and

controlling behavior."). The Court declines to countenance this cursory analysis, which appears to be premised in large part on stereotyped assumptions and expectations, and further harbors serious doubts as to whether Defendant can meet his burden of showing that the information he seeks is material to his case and not an impermissible fishing expedition.

Even if Defendant has a colorable basis to seek disclosure, however, the fact that the requested documents are not in the government's possession is fatal to the instant motion. The government cannot produce what it does not have, nor is it required to secure information from third parties. *See United States v. Combs*, 267 F.3d 1167, 1173 (10th Cir. 2001) (observing that *Brady v. Maryland* does not oblige the United States to obtain evidence from third parties); *United States v. Tierney*, 947 F.2d 854, 864 (8th Cir. 1991) ("It is well settled that there is no affirmative duty upon the government to take action to discover information which it does not possess.").[1]

The appropriate vehicle for obtaining such records, to the extent that they exist, is a motion for issuance of a subpoena pursuant to Federal Rule of Criminal Procedure 17(c). Under that rule, "a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order." Fed. R. Crim. P. 17(c)(3). A subpoena for records under Rule 17(c) must refer to specific

---

[1] Defendant's attempt to bootstrap his trial right to confront his accusers under the Sixth Amendment's Confrontation Clause into a pretrial discovery right is likewise unavailing. A defendant's confrontation right is not a constitutionally compelled rule of pretrial discovery; rather, it is a "trial right, designed to prevent improper restrictions on the types of questions that defense counsel may ask during cross-examination." *Pennsylvania v. Ritchie*, 480 U.S. 39, 52 (1987). "The ability to question adverse witnesses . . . does not include the power to require the pretrial disclosure of any and all information that might be useful in contradicting unfavorable testimony." *Id*. at 53–54.

documents, and the moving party "must specify why the materials are wanted, what information is contained in the documents, and why those documents would be relevant and admissible at trial." *United States v. King*, 164 F.R.D. 542, 546 (D. Kan. 1996). If Defendant can make the requisite showing of what specific records he seeks and why such records are material to his defense, he may move to subpoena them from the appropriate custodian(s).

Accordingly, it is **ORDERED** that Defendant's Motion for Disclosure of Alleged Victim's Mental Health Records, ECF 22, is **DENIED.**

DATED:  November 10, 2022.

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge