IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-208-RMR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSE GALIANO,
    a/k/a JOSE GALIANO APAZA,

    Defendant.

**MOTION FOR AN ENDS OF JUSTICE
CONTINUANCE OF TRIAL AND RELATED DATES**

Defendant Jose Galiano Apaza ("Defendant"), by and through counsel, Michon L. Hughes of Sherwood, McCormick & Robert and Mark Edward Scabavea of Scabavea & Associate, LLC, respectfully moves for an Order, pursuant to Title 18 U.S.C. § 3161(h)(1) and (7)(A), for a 90 day ends of justice continuance of the jury trial currently set to begin December 5, 2022 In support of said Motion, Defendant states as follows:

**I. CONFERRAL**

Due to the late hour, the undersigned has not yet conferred with the government, has however sent an email requesting their position, and thus simply notes an anticipated objection to this continuance absent a response from the Assistant United States Attorneys Thomas Minser and/or Albert Buchman.

**II. MOTION**

Defendant is charged in a single count indictment dated June 22, 2022, of Aggravated Sexual Abuse,18 U.S.C. §§ 2241(a)(1)

**Pleadings due:**

The Defendant requests an extension of time for the following pleadings which have been scheduled in this case, are due, or will be due:

Proposed Voir Dire

Proposed Jury Instructions

Proposed Verdict Form

Proposed Exhibits List

Proposed Witnesses List

Defendant is also requesting additional time on the following trial briefs:

*Trial Brief to Exclude the Domestic Violence Expert*;

*Motion To Prevent Use of the Word Victim (and other like terms)* [mostly unopposed];

and

*Motion to Dismiss the Indictment*.

**Hearings set:**

The Defendant has previously filed a *Motion to Suppress* which has been set for November 17th, 2022 before this honorable Court. To the best of the undersigned's knowledge, no witnesses have been subpoenaed for this evidentiary hearing which is a direct result of lead counsel's sudden illness. A list of requested witnesses will be provided by Tuesday the 15th of November.

A Five-day Jury Trial is set to begin December 5, 2022. [Id.]. Defendant's newly-hired undersigned co-counsel entered her appearance November 14, 2022. [Doc. No. 42].

**Sudden Illness of Lead Counsel:**

The lead counsel for this case has become severely ill and may very well be on his way to the hospital at this moment. This evening after 5 o'clock p.m. the undersigned had a phone call with the lead counsel's paralegal who informed her that he has become very ill and that she will need to "take the lead" on the case pending his recovery.

The undersigned applied for admission to this Court last week after being asked to second chair this case. The admission was granted today after the phone call with his paralegal and her entry was docketed shortly thereafter. She has purchased an airline ticket and will be in Denver by the afternoon of November 15th out of abundance of caution pending this Court's decisions or needs for appearance.

## Authority

Consistent with the guidance provided in *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), the factors that support the requested continuance pursuant to Title 18 U.S.C. § 3161(h)(1) and (7)(A) are:

a. Whether a failure to grant the continuance would result in a miscarriage of justice, See 18 U.S.C. § 3161(h)(7)(B)(i). The defense believes a miscarriage of justice would occur if the Defendant is forced to proceed to trial under the current time limitations without adequate time for undersigned counsel to properly review and analyze all of the discovery and investigative materials in this matter, interview and prepare necessary witnesses, and obtain additional discovery that is necessary for his defense.

In reviewing the posture of this case, there are apparent discovery deficiencies to wit: there are records and documents discussed in the governments evidence which has not been produced but clearly exists. The Defendant has timely complied with discovery deadlines and has worked with the prosecution to attempt to recover what appear to be additional missing

4

discovery in good faith and due diligence. Even absent lead counsel's illness, the additional discovery issues should be resolved without any waiver by the Defendant.

Although it is likely true that the requested documents are not presently within the prosecution's current possession, most of these documents are already well within the control of OSI. For example, the investigative reports clearly show an interview with the alleged victim's counselor on the military base. These counseling records of a military-based counselor who counseled the complaining witness in this matter should be readily-within the control of the United States Government and easily collected and disclosed under protective order. Further, although the expert for the defense has been identified, her proposed testimony may now need to be expanded somewhat given the Court's recent ruling. There are references to other documents purportedly requested or subpoenaed by the Government which cannot be found within the inventoried discovery and other issues remain critical to providing a competent and diligent representation of the Defendant. The aforementioned evidentiary issues are directly relevant and potentially exculpatory.

b. Whether a failure to grant the continuance would deny counsel for the Defendant reasonable time necessary for effective preparation, including the filing of pretrial motions, the taking into account the exercise of due diligence, See 18 U.S.C. § 3161(h)(1)(A). Failure to grant a continuance in this case would unreasonably deny counsel for Defendant the reasonable time necessary to file necessary motions within the deadlines, and, if necessary, effectively prepare for trial.

c. Whether the case is so unusual or complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act, See 18 U.S.C. § 3161(h)(7)(B)(ii). This matter does not seem complex on its

face, but it involves <u>teenagers</u> at the Air Force Academy and a romantic relationship that lasted well over a year and a half - an expanded time period the Government clearly intends to introduce. The amount of discovery could conceivably contain terabytes worth of text messages, Facebook posts, and Instagram between these teenage cadets. This matter could easily turn on a single text from the alleged victim to her roommate for example. However, despite over 1000 pages of exhibits produced by the prosecution, and hours of interviews with at least eight teenage witnesses, very little of such evidence has been produced to date.  It is respectfully submitted that it is in the interests of just to grant this Motion. Further, no party will be prejudiced thereby.

The basis for the continuance is not excusable neglect and this request is being filed only minutes prior to the expiration of the trial deadlines. However, the Defendant is better served by an effective assistance of counsel; the undersigned does not feel prepared to try this case in two weeks nor is the matter ready for trial.

WHEREFORE, Defendant Jose Galiano Apaza respectfully moves this Court for an order granting a 90 day ends of justice continuance of trial currently set for December 5, 2022, and modifying the attendant deadlines accordingly.

Respectfully submitted this 14th day of November 2022.

    SHERWOOD, McCORMICK & ROBERT
    s/ Michon L. Hughes
    Michon L. Hughes, OBA #22184
    15 W. 6th St., Ste. 2800
    Tulsa, OK 74119
    Phone (918) 592-1144
    Fax     (918) 576-6907
    michon@smr-law.com
    *CoCounsel for Defendant*
    *(Filed through Mark Scabavea)*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2022, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrant(s):

Thomas Misner
Thomas.Minser@usdoj.gov
Al Buchman
Al.Buchmean@usdog.gov

s/ Michon L. Hughes

7