IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-208-RMR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSE GALIANO,
    a/k/a JOSE GALIANO APAZA,

    Defendant.

---

**THE GOVERNMENT'S RESPONSE IN OPPOSITION TO THE DEFENDANT'S MOTION FOR AN ENDS OF JUSTICE CONTINUANCE**
**[ECF 43]**

---

The United States of America submits this response in opposition to Jose Galiano's motion to exclude time under the Speedy Trial Act [ECF 43], filed on November 15, 2022. In part, that motion seeks more time to file pretrial motions even though the deadline for such motions has passed, without Galiano seeking an extension. Galiano has not explained his failure to comply with the motions deadline or why more time is warranted to file motions. What remains is insufficient to justify a 90-day exclusion of time in this case. Thus, the motion should be denied regarding the request to continue the trial and the request to reset the motions deadline.*

**BACKGROUND**

Galiano is charged with a single count of Aggravated Sexual Abuse in violation of Title

---

\*     The government has no objection to the defense being allowed an extension relating to the filing deadlines for motions in limine and trial materials.

18, United States Code, Section 2241(a)(1). *See* ECF 1. The Court set October 24, 2022, as the deadline for pretrial motions, and on November 7, 2022, for any responses. ECF 17. The Court also set a jury trial for December 5, 2022. *Id*.

Galiano filed a motion to suppress statements [ECF 26] and a motion for disclosure of medical records [ECF 22]. The government responded to both motions [ ECF 29, 31], and the Court set the motion to suppress statements for evidentiary hearing on November 17, 2022. ECF 35. On November 14, 2022, additional counsel filed her appearance for Galiano [ECF 42] and filed a motion for an ends of justice continuance [ECF 43].

In the motion, Galiano requests an exclusion of 90 days under the Speedy Trial Act. ECF 43 at 6. He also asks that the Court reset applicable dates and deadlines, including a request a request to reopen the time to file pretrial motions. *Id*. In support, Galiano cites to his lead counsel's sudden illness and alleged outstanding discovery. *Id*. at 4-6. However, Galiano's motion misses the mark by not providing this Court with sufficient information to continue the trial and related dates. Accordingly, his motion should be denied regarding the continuance of the trial and the request to reset the motions deadline.

**ARGUMENT**

I.   **This Court should not reopen the motions deadline or allow Galiano to file untimely motions.**

Federal Rule of Criminal Procedure 12(c)(1) allows the Court to "set a deadline for the parties to make pretrial motions." The Court may "[a]t any time before trial … extend or reset" that deadline." Fed. R. Crim. P. 12(c)(2). With respect to certain motions that must be raised before trial, if a party fails to meet the deadline, "the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause." Fed. R. Crim. P. 12(c)(3).

Here, Galiano does not explain why he was unable to fully comply with the Court's deadline for motions. Nor does he explain why he did not seek either an extension of the deadline before it passed, or request to reopen the motions deadline previously. For those reasons, the Court should not reopen the motions deadline or consider any untimely motions under Rule 12(c)(3).

The Tenth Circuit has addressed reopening of motions deadlines under the same factors that govern a continuance, at least when the defendant has framed the issue that way on appeal. *See United States v. Barnes*, 620 F. App'x 668, 670 (10th Cir. 2015) ("Defendant characterizes his request to reopen the time for filing pretrial motions as a request for a continuance."). Other circuits have addressed reopening under Rule 12(c)(3)'s good-cause standard. *United States v. Salgado-Campos*, 442 F.3d 684, 686 (8th Cir. 2006) ("counsel made his request for an extension of time in which to file pretrial motions nearly three months after this deadline had expired"); *see also id.* ("Because Salgado-Campos fails to show good cause justifying his delay, the district court was well within its discretion to deny his request…").

Either way, there is a fair degree of overlap between the two standards. In determining whether to grant a continuance, the court considers "the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; the asserted need for the continuance and the harm that [the movant] might suffer as a result of the [ ] denial of the continuance." *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 2010). As for good cause, "relevant considerations include a defendant's explanation for a failure to timely raise a claim … and the prejudice he would suffer if unable to" do so. *United States v. Simpson*, 2015 WL

13203372, at *1 (D. Colo. Aug. 20, 2015).  These factors do not favor reopening the deadline here.

*First*, Galiano is requesting an extension of the motions deadline after the existing deadline expired.  In the motion, he offers no explanation why he could not comply with the Court's original order, or why he did not seek an extension of the deadline in advance of it.

*Second*, Galiano has not explained why more time is necessary for him to file motions.  He filed two pretrial motions in compliance with the Court's deadline, and only now, a few weeks before the trial, suggests that he intends to file a motion to dismiss indictment and suggests there are "discovery deficiencies" that need to be addressed. ECF 43 at 3.  It appears these issues must be raised before trial under the terms of Rule 12(b)(3).  But again, Galiano has not explained why he could not file these motions within the initial deadline. He has not said, for example, that these motions rest on any recent developments, factual or legal.

*Third*, Galiano will not be prejudiced because his potential motions will fail. *See Simpson*, 2015 WL 13203372, at *2-*3. Defense counsel indicated that the challenge to the indictment would be based upon it allegedly lacking specificity. However, "[i]t is generally sufficient that an indictment set forth an offense in the words of the statute itself, as long as those words themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." *Hamling v. United States*, 418 U.S. 87, 117 (1974). A violation of Title 18, United States Code, Section 2241(a)(1) has four elements: (1) the defendant caused the victim to participate in a sexual act; (2) he defendant used force against victim; (3) the defendant did these acts knowingly; and (4) the acts occurred within the special maritime and territorial jurisdiction of the United States. *See* Pattern Crim. Jury Instr. 11th Cir. OI O79.1 (2020) (modified). There is no question the indictment [ECF 1] contains all these

elements. Thus, this motion will fail.

Any motion relating to outstanding discovery is equally set for failure. For instance, Galiano's claim pertaining to "discovery deficiencies" is not only without merit but is based upon several erroneous statements. ECF 43 at 3. First, contrary to his assertion, Galiano has not complied with the discovery deadlines and to this point has failed disclosed the required materials pursuant to Rule 16 of the Federal Rules of Criminal Procedure for his expert. Second, the suggestion that "records of a military based counselor … are already well within the control of OSI" is nonsense. Just because law enforcement officers involved in an investigation are from a component of a federal agency, does not render the entirety of the federal agency part of the prosecution team. *See, e.g.*, *United States v. Stein*, 424 F. Supp. 2d 720, 723 (S.D.N.Y. 2006) ("While the prosecution's [Rule 16] disclosure obligation in some circumstances may extend to materials beyond the knowledge of the individual prosecutors assigned to a case, it does not extend to the collective knowledge of the entire United States government or even to the entire government agency concerned."); *see also United States v. Locascio*, 6 F.3d 924, 949 (2d Cir.1993) (refusing, for *Brady* purposes, to impute to AUSAs prosecuting that action with the assistance of certain FBI agents knowledge of reports prepared by FBI agents who were "uninvolved in the investigation or trial of the defendants"). Not to mention, it is hard to see how these records are material, when the counselor has already told investigators he did not discuss any sexual assault with the victim. Otherwise, Galiano's fleeting and vague references to other discovery such as "terabytes worth of text messages, Facebook posts, and Instagram" [ECF 43 at ] have either been tendered or are not within the government's possession. And any attempt to subpoena them would be nothing more than a fishing expedition for potential impeachment. Thus,

any motion relating to such materials will also fail.

*Fourth*, although the government is not aware of any inconvenience to the Court, the extension of time to file motions inevitably means the trial would be continued. As discussed in more detail below, such a continuance would prejudice the government. Besides, even in "the absence of prejudice" to another party or the court, "courts have a legitimate interest in the enforcement of scheduling deadlines, both to manage a pending case and to retain the credibility of these deadlines in future cases." *United States v. Trobee*, 551 F.3d 835, 838 (8th Cir. 2009). That interest is on full display here, where the extension request comes after the deadline has passed and Galiano has not explained why that deadline did not provide enough time to file motions.

## II.   Galiano has not justified the requested exclusion of time.

Galiano has requested an ends-of-justice exclusion of 90 days and an associated continuance of the trial setting within the new period. ECF 43 at 6. The government also objects.

The Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174 provides, in relevant part: The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:

> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance based on his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings."

*United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). The Speedy Trial Act requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1); *United States v. Lugo*, 170 F.3d 996, 1001 (10th Cir. 1999). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(9). The basis for this motion is one such period of delay. *See* § 3161(h)(7)(A); *see also Hill*, 197 F.3d at 440-41. Certain prerequisites must be satisfied before a continuance can qualify as an excludable "ends-of-justice" continuance under § 3161(h)(7)(A). First, the Court must consider the quadripartite factors in section 3161(h)(7)(B):

i. Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

ii. Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];

iii. Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;

iv. Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)-(iv). After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, the reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A).

Galiano has not identified reasons with sufficient specificity to support additional exclusion under § 3161(h)(7)(B)(i) and (ii). Furthermore, any exclusion and continuance would be prejudicial to the government.

Galiano first argues that a miscarriage of justice, under § 3161(h)(7)(B)(i), would occur if trial proceeds on December 5th, as those will create unreasonable time constraints for Ms. Hughes. ECF 43 at 4 (section a). He fails to articulate the reason why defense counsel Hughes cannot complete due diligence for effective trial preparation in the 21 days since her entry on November 14, 2022, and her hire date approximately a week before that entry. ECF 42; *see* 18 U.S.C. § 3161(h)(7)(B)(iv). He merely conclusory states that defense counsel does not have adequate time to complete preparation tasks without identifying how an additional 90 days will be sufficient to ensure readiness. ECF 43 at 4; *See United States v. Toombs*, 574 F.3d 1262, 1271 (10th Cir. 2009) ("Simply identifying an event and adding the conclusory statement that the event requires more time for counsel to prepare, is not enough."). Rather, the government's case is not complicated, consisting at its core of the victim's testimony, Galiano's admissions, and a blind expert's testimony to sexual assault dynamics, which is common testimony in sexual assault cases.

Galiano also fails to adequately address Mr. Scabavea's status on the case—whether he will withdraw or be otherwise will remain as lead counsel. While the government is certainly concerned about Mr. Scabavea's well-being, the motion as written forces the government to argue in a vacuum of details on his health condition. Mr. Scabavea has been on the case since June 28, 2022. By all accounts, the government must assume he is still lead counsel on the case and prepared for December 5th trial, and defense counsel's argument loses force in light.

Contrary to Galiano's arguments, the government asserts that not proceeding to trial on the

December 5th trial setting would be a miscarriage of justice under § 3161(h)(7)(B)(i). This case is unique (but not complex) in that the victim and many witnesses are cadets in the United States Air Force Academy. As such, the government must arrange travel and overnight accommodations to ensure their timely appearances. Furthermore, several other non-cadet witnesses are on active duty in the United States Air Force—they could be deployed or otherwise involuntarily unavailable at any time—and at least two other witnesses will be traveling from out of state. These witnesses are prepared and available to testify in December, but there is no guarantee that will be the case is the trial is reset. Finally, the crime occurred in August of 2020, memories (upon which the bulk of this trial is based) are also at inherent risk of fading. Those memories, especially the victim's, are factually intensive and must delve with precision into the sexual act performed, the force used, and timing of withdrawal of consent; any erosion caused by additional delay necessarily damages the facts and the victim's or witnesses' credibility. Accordingly, the government strongly asserts that proceeding to trial is imperative and any continuance is prejudicial to the case. *See* ECF 43 at 6 (compare, the defendant asserts "no party will be prejudiced thereby").

On the record as its stands, the government does not believe Galiano has justified his request. *See Toombs*, 574 F.3d at 1273 ("It is the responsibility of not only the district court, but also the government, to protect the interests of the public by ensuring adherence to the requirements of the Speedy Trial Act.").

**<u>CONCLUSION</u>**

The motion should be denied regarding the request to continue the trial and the request to reset the motions deadline

Respectfully submitted,

COLE FINEGAN
United States Attorney

By: *s/ Thomas Minser*
Thomas Minser
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Thomas.Minser@usdoj.gov
Attorney for the Government

By: *s/ Albert Buchman*
Albert Buchman
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Al.Buchman@usdoj.gov
Attorney for the Government

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2022, I electronically filed the foregoing **THE GOVERNMENT'S RESPONSE IN OPPOSITION TO THE DEFENDANT'S MOTION FOR AN ENDS OF JUSTICE CONTINUANCE [ECF 43]** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

*s/ Deana Ambrosen*
Legal Assistant
United States Attorney's Office