IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Criminal Case No. 22-cr-00208-RMR-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSE GALIANO,
    a/k/a JOSE GALIANO APAZA,

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR AN ENDS OF JUSTICE CONTINUANCE OF TRIAL AND RELATED DATES**

---

This matter is before the Court on Defendant Jose Galiano's Motion for an Ends of Justice Continuance of Trial and Related Dates, ECF 43. Defendant asks this Court for an order excluding 90 days from the Speedy Trial Calculation and for continuance of the trial date and deadline to file motions. The government filed a Response in Opposition to Defendant's Motion, ECF 45, wherein it asks the Court to maintain the existing trial date and deadlines. For the following reasons, the motion for continuance of the trial date is GRANTED IN PART. To the extent the motion requests continuance of pretrial motion deadlines, the motion is DENIED.

The Defendant's motion implicates the Speedy Trial Act of 1974, which is "designed to protect a defendant's constitutional right to a speedy indictment and trial,

and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). The Act requires that a defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)–(8).

The Speedy Trial Act provides, in pertinent part:

The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:

. . . .

(7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *Hill*, 197 F.3d at 441. First, the Court must consider the following factors listed in § 3161(h)(7)(B):

(i)   Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii)  Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act].

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the

        indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv)    Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance will outweigh the best interests of the public and the defendant in a speedy trial." *Hill*, 197 F.3d at 441; 18 U.S.C. § 3161(h)(7)(A). Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact." *Hill*, 197 F.3d at 441 (quoting *United States v. Dorian*, 882 F.2d 1511, 1516 (10th Cir. 1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *Dorian*, 882 F.2d at 1516).

Defendant is charged with a single count of Aggravated Sexual Abuse in violation of Title 18, United States Code, Section 2241(a)(1). *See* ECF 1. Pursuant to the scheduling order established July 11, 2022, the Court set October 24, 2022, as the deadline for filing pretrial motions and set trial for December 5, 2022. ECF 17. Defendant subsequently filed a motion for disclosure of medical records, ECF 22, and a motion to

suppress, ECF 26. The government responded to both motions. ECF 29, 31. On November 10, 2022, the Court entered an Order denying the motion for disclosure of medical records and set the motion to suppress for evidentiary hearing on November 17, 2022. ECF 35–36. On November 14, 2022, Michon Hughes entered her appearance as co-counsel for Defendant and filed the instant motion for an ends of justice ("EOJ") continuance the same day. ECF 42–43. Based upon counsel's representations that lead defense counsel, Mark Scabavea, was unable to proceed with the November 17 evidentiary hearing due to illness, the Court vacated that hearing and rescheduled it for November 21, 2022. *See* ECF 46.

As the basis for the instant EOJ motion, Ms. Hughes cites to lead counsel's sudden illness and alleged outstanding discovery issues. ECF 43 at 4–6. Specifically, Ms. Hughes represents that Mr. Scabavea has fallen severely ill and may require hospitalization. *Id*. at 4. Consequently, Ms. Hughes states that she is not prepared to try this case on December 5 and needs additional time "to properly review and analyze all of the discovery and investigative materials in this matter, interview and prepare necessary witnesses, and obtain additional discovery that is necessary for his defense." *Id*. Counsel further asserts that more time is needed to resolve apparent discovery deficiencies and file necessary motions. *Id*. at 4–5.

**Pretrial Motion Deadlines**

In its Response, the government first argues that Defendant has not established good cause for reopening the motions deadline three weeks after it expired on October

24, and that the Court should therefore decline to consider any untimely pretrial motions. ECF 45 at 2. The Court agrees.

Pursuant to Fed. R. Crim. P. 12(c)(1), the Court may set a deadline by which the parties must make all pretrial motions. Rule 12(c)(3) provides that a motion filed after such deadline is untimely and may only be considered if good cause is shown for why such deadline was missed. Fed. R. Crim. P. 12(c)(3) ("If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause."); *see also United States v. Bowline*, 917 F.3d 1227, 1230 (10th Cir. 2019) ("[Rule 12] clearly provides only one circumstance in which an untimely motion can be considered—when the movant 'shows good cause.'").

Defendant offers no explanation for his purported inability to abide by the Court-imposed motions deadline or his failure to seek an extension of that deadline <u>before</u> it passed. The Court's published deadlines are not suggestions, and parties disregard such deadlines at their peril. The Court has both a right to expect from the parties adherence to its orders and an interest in ensuring the orderly administration of its docket. *See United States v. Trobee*, 551 F.3d 835, 838 (8th Cir. 2009) ("Courts have a legitimate interest in the enforcement of scheduling deadlines, both to manage a pending case and to retain the credibility of these deadlines in future cases."). When a party allows a deadline to pass and then seeks retroactively to have it extended, the Court will not revisit the deadline absent an adequate showing of good cause. The request to continue the discovery deadlines and pretrial motion deadlines is DENIED.

**Continuance of Trial**

As to the requested exclusion of 90 days and associated continuance of the trial setting, the government argues that Defendant's asserted grounds are insufficiently specific to warrant a continuance, and that delaying the trial will prejudice the government. ECF 45 at 8–9. The Court agrees that it is difficult to discern from the available record precisely what defense counsel's current situation is, including whether counsel anticipate that Mr. Scabavea will remain on the case, and what trial preparations have already taken place. Nonetheless, in an abundance of caution and to avoid any prejudice to Defendant, the Court accepts counsel's representations concerning Mr. Scabavea's sudden illness and unavailability, and accordingly finds that failure to grant a continuance would deprive defense counsel of the reasonable time necessary for effective preparation and result in a miscarriage of justice.

The Court is mindful of the government's need to coordinate travel for key witnesses, as well as its concerns regarding the future availability of certain witnesses and the risk of fading memories. The Court also weighs the public's interest in ensuring prompt criminal proceedings. Under the circumstances set forth in Defendant's motion, however, the Court believes that granting a short continuance strikes the proper balance between these competing interests. Defendant's need to have a fully prepared attorney tips the balance in favor of a short continuance of the trial setting. At the same time, the Court is not convinced that a three-month extension is justified based on the current record. The Court finds that an additional **70 days** is sufficient but not greater than necessary to adequately prepare this case for trial and should therefore be excluded from

6

the Speedy Trial Act for these purposes. The request for continuance is GRANTED IN PART.

Having considered the factors under § 3161(h)(7)(B) and the circumstances set forth in Defendant's motion and the government's response, the Court finds that the need for additional time is warranted, and a miscarriage of justice would result absent the continuance. See 18 U.S.C. § 3161(h)(7)(B)(i), (iv). As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel.

Accordingly, the court FINDS that:

(1) Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

(2) Even considering due diligence, failure to grant the motion would deny counsel for Defendant the reasonable time necessary for effective trial preparation within the meaning of 18 U.S.C. § 1361(h)(7)(B)(iv); and

(3) Therefore, the ends of justice served by granting the motion outweigh the best interests of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**IT IS HEREBY ORDERED THAT**:

(1) Defendant's Motion, ECF 43, is **GRANTED IN PART and DENIED IN PART**;

(2) The request to continue the discovery deadlines and pretrial motion deadlines is **DENIED**.

(3) **The 70-day clock, exclusive of tolled time, shall accordingly be extended from December 5, 2022, to February 13, 2023**;

7

(4) The current trial date and attendant deadlines are hereby **VACATED.** The **Five-day** jury trial is reset for **February 6, 2023**. The Trial Preparation Conference/Change of Plea Hearing is reset for **January 23, 2023, at 3:30 PM**;

DATED:  November 17, 2022.

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge
