IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00208-RMR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSE GALIANO,
    a/k/a JOSE GALIANO APAZA,

    Defendant.

_____

**TRIAL BRIEF**
_____

    The United States of America, by and through the undersigned Assistant United States Attorneys, hereby submits the government's Trial Brief for the jury trial scheduled for February 6, 2023. This brief seeks to flag potential evidentiary matters.

**I.    Prior consistent statements.**

    The crime happened in August of 2020. *See* ECF 1. On or about December of 2021, the victim disclosed the crime to cadets A.M., K.G., C.R., C.M., and her mother S.K. (all endorsed witnesses). The crime was then reported to law enforcement on January 30, 2022, and the victim was interviewed by investigators on February 11, 2022, April 22, 2022, April 26, 2022, and November 11, 2022.

    The government does not intend to admit the victim's or witnesses' prior statements affirmatively in recognition that they constitute hearsay. But the defense may open the door to the admission of the victim's or witnesses' prior consistent statements. Because the admissibility of those statements will turn on what the defense does at trial,

1

the government outlines some of the relevant principles the court should consider.

    i.    <u>Generally.</u>

Federal Rule of Evidence 801(d)(B) says that a statement is not hearsay if it "is consistent with the declarant's testimony and is offered: (i) to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper motive in so testifying; or (ii) to rehabilitate the declarant's credibility when attacked on another ground." The declarant must testify and be "subject to cross-examination about a prior statement." Fed. R. Evid. 801(d)(1).

Statements admissible under the rule are admissible as substantive evidence—that is, for the truth of the matter asserted. *United States v. Tome*, 513 U.S. 150, 157 (1995) (subsection (i)). Subsection (ii) was added in 2014, and "the intent of the amendment is to extend substantive effect to consistent statements that rebut other attacks on a witness—such as the charges of inconsistency or faulty memory." Fed. R. Evid. 801 (Advisory Committee's Note to 2014 Amendment). Before, those statements had been admissible only to rehabilitate. *Id.*

In addition, although the declarant must testify and be subject to cross-examination, the statement need not be introduced through the declarant. *United States v. Green*, 258 F.3d 683, 692 (7th Cir. 2001); *see also id.* at 691, 692 ("it is time to join our sister circuits…") (citing *United States v. Sutton*, 732 F.2d 1483, 1493-94 (10th Cir. 1984)).

    ii.    <u>Recent fabrication or improper motive.</u>

As the rule's text makes clear, a charge of recent fabrication or improper motive may be implied for prior consistent statements to be admissible. The defense may open

the door as early as in its opening statement. *See United States v. Flores,* 945 F.3d 687, 706 (2d Cir. 2019). It may do so through an express assertion "that a government witness's testimony will be fabricated," but also an implication to that effect through "through tone, tenor, and demeanor." 4 Jones on Evid. § 26:38 (7th ed.) (cleaned up). For example, "[i]n a criminal case … the fact that the witness hopes to get a break from the authorities implicitly accuses the witness of fabrication." *Id.* So does "questioning that points out that a witness delayed in reporting a crime, or important details of it." *Id.* (cleaned up)  In contrast, "a general attack" on credibility is not a charge of recent fabrication or improper motive. *United States v. Magnan*, 756 F. App'x 807, 817 (10th Cir. 2018) (cleaned up).

To be admissible to rebut a charge of recent fabrication or improper motive, the statements must have been "made before the charged recent fabrication or improper influence or motive." *Tome*, 513 U.S. at 167. Here, the defense may charge multiple improper influences or motives that arose at different times. In this scenario, the rule "does not require that a prior statement rebut all improper influence or motives suggested by defense counsel. It is sufficient if the prior statement tends to rebut one of them." *United States v. Kootswatewa*, 893 F.3d 1127, 1135 (9th Cir. 2018); *United States v. Londondio*, 420 F.3d 777, 784 (8th Cir. 2005).

   *iii.* <u>*Credibility is attacked on another ground.*</u>

Prior consistent statements may also be admissible when a witness's credibility is attacked on another ground. As noted, the advisory committee note to the 2014 amendment provides two examples: faulty memory and inconsistency. Fed. R. Evid. 801 (Advisory Committee's Note to 2014 Amendment). To be admissible on this ground, the

3

prior consistent statements must be relevant in the sense that they rehabilitate the witness's credibility. The statements cannot simply constitute "impermissible bolstering of a witness." *Magnan*, 756 F. App'x at 818 (cleaned up).

For example, assertions in opening statements that certain interviews conducted by an agent "were not recorded" and "occurred more than a year prior to trial" and that the jury "will have only his word for it," constituted an attack based on faulty memory and allowed admission of the agent's notes and reports. *Flores*, 945 F.3d at 687; *see also United States v. Cox*, 871 F.3d 479, 487 (6th Cir. 2017).

So too when the defense impeaches a sexual assault victim "by pointing out that some aspects of her trial testimony were new … and by highlighting some collateral points on which her testimony and her prior descriptions supposedly differed," a video of her interview shortly after the rape—which included a "description of the rape" "that was largely consistent with her description of it during her testimony at trial"—was admissible under Rule 801(d)(1)(B)(ii). *United States v. J.A.S., Jr.*, 862 F.3d 543, 545 (6th Cir. 2017). More generally, when the defense extracts supposed inconsistencies, Fed. R. Evid. 801(d)(1)(B)(ii) allows for the admission as substantive evidence prior statements that show the witness did not make the inconsistent statement, statements that provide context to show the statement was not inconsistent, or statements on a different occasion that rebut the charge of inconsistency. 4 Jones on Evid. §§ 26:41.60, 26:42, 26:42.10 (7th ed.)

II.   **Character evidence.**

The government is cognizant that character evidence is regulated closely by the Rules of Evidence and will adhere to those rules. That said, the defendant has endorsed

a number of witnesses who could testify to the victim's or defendant's character. Moreover, the defendant could seek to introduce character evidence through cross-examination of the government's witnesses. *See* ECF 77 (the defendant has provided notice of character evidence in the Fed. R. Evid. 412 context, suggesting other character evidence may be sought). Thus, the government flags these rules below.

Generally, all character evidence is still subject to balancing under Fed. R. Evid. 403. *United States v. Guardia*, 135 F.3d 1326, 1331 (10th Cir. 1998). The nuanced distinctions between habit evidence under Fed. R. Evid. 406 and the prohibitions on character evidence under these rules also must be closely monitored by the Court. *See United States v. Yazzie*, 188 F.3d 1178, 1190 (10th Cir. 1999).

i. <u>Truthfulness</u>

Character for truthfulness or untruthfulness is governed by Fed. R. Evid. 608 and has strict dictates on what manner and when it may be admitted, whether by reputation or opinion, specific instances, and extrinsically.

ii. <u>Pertinent character traits</u>

Under Fed. R. Evid. 404(a), parties may admit evidence of a "pertinent character trait," subject to the limitations of Fed. R. Evid. 412 and in form specified under Fed. R. Evid. 405. *United States v. McHorse*, 179 F.3d 889, 901 (10th Cir. 1999); *see also United States v. Yarbough*, 527 F.3d 1092, 1101-02 (10th Cir. 2008) (discussing a defendant's good character admissible as a pertinent trait). Generally, a pertinent trait is one that is relevant to the offense charged. *E.g., United States v. John*, 309 F.3d 298, 303 (5th Cir. 2002). Importantly, however, under Fed. R. Evid. 405, a party may only present testimony concerning specific instances of conduct only when character is at issue "in a strict

sense." *Id*.; *see also Perrin v. Anderson*, 784 F.2d 1040, 1045 (10th Cir. 1986) (victim's violent character to prove that victim was aggressor was circumstantial use). "Character is directly in issue in the strict sense when... the existence or nonexistence of the character trait itself determines the rights and liabilities of the parties." *Perrin*, 784 F.2d at 1045; *see also United States v. Keiser*, 57 F.3d 847 (9th Cir. 1995) ("The relevant question should be: would proof, or failure of proof, of the character trait by itself actually satisfy an element of the charge, claim, or defense? If not, then character is not essential and evidence should be limited to opinion or reputation."). "When character evidence is used circumstantially to create an inference that a person acted in conformity with his or her [pertinent character trait], Rule 405 allows proof of character only by reputation and opinion." *United States v. Talamante*, 981 F.2d 1153, 1156 (10th Cir. 1992). To that end, under Fed. R. Evid. 405, only defenses that place character or predisposition directly at issue, such as entrapment, allow for the admission of specific instances. *See United States v. McMahan*, 394 Fed. Appx. 453, 464 (10th Cir. 2010) (unpublished); *Yarbrough*, 527 F.3d at 1099 (discussing elements of entrapment, including the element of predisposition); *Perrin* 784 F.2d at 1045. Here, the character traits of the victim, defendant, and witnesses are not essential elements of the charge or any defense because they do not need to be proven or disproven to determine guilt. Accordingly, Rule 405 only allows the defense to prove pertinent character traits by reputation and opinion, and not through specific instances of conduct.

**III.     Time is not an element of the offense: "on or about."**

In charging the approximate date of the crime, the indictment uses the terminology "between in or about August 1, of 2020 and August 6, or 2020." ECF 1. Moreover, the

6

government proposes the addition of 10th Circuit Pattern Criminal Jury Instruction 1.18, which defines "on or about," which the defendant opposes. *See* ECF 67.

Time is not an element of an offense. *United States v. Charley*, 189 F.3d 1251, 1272 (10th Cir. 1999). Indeed, "a variance between the date alleged in the indictment and the date of the commission of the offense as shown by the evidence is generally not fatal." *Id.* Here, the date range in the indictment here is not technical, and the terminology used in the indictment is functionally and legally equivalent to "on or about." *See United States v. Baldwin*, 2008 WL 6045495, at *1 (D. New Mex. April 30, 2008) ("between on or about"). To that point, a specific date need not be proven in this case so long as proof is "beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date stated in the indictment." E.g., *United States v. Chee*, 173 F.3d 864, *4 (10th Cir. 1999); *United States v. Madrid*, 222 Fed. Appx. 721, 730 (10th Cir. 2007) (indictment sufficient that only specified month and year but not date); *United States v. Castillo*, 140 F.3d 874, 885 (10th Cir. 1998). "Reasonably near" the date specified in the indictment can be even within a few weeks. *Charley*, 189 F.3d at 1272.

IV.     **The government's expert.**

To assist the jury in understanding the nature and dynamics of sexual assault, the government intends to call Ms. Jean McAllister as an expert. It is anticipated that she will testify to the dynamics of non-stranger sex assaults, how victims cope during and after trauma of sexual abuse, how victims present that trauma, and the dynamics of delayed disclosure. Ex. 1. She will testify in a blind capacity, meaning she has not been presented with any facts of the case nor observed any victim or witness. *Id.* Accordingly, she will not opine on the victim's, the defendant's, or any witnesses' credibility or opine how her

7

testimony might relate to the facts of the case, prohibited areas recognized by the government. *See United States v. Batton*, 602 F.3d, 1191, 1200-01 (10th Cir. 2010).

Ms. McAllister's testimony is based on her approximately 40-year career including her education, work and clinical experience, review of the literature, policymaking, training, and teaching in the field. She has been previously qualified in numerous courts, including the United States District Court of Colorado. Notice of this expert testimony, complying with Fed. R. Crim. P. 16(a)(1)(G), was sent by email to defense counsel on September 27, 2022, and through discovery on October 20, 2022. *See* Ex. 1.

A witness who is "qualified as an expert by knowledge, skill, experience, training or education" may present expert testimony if his or her specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact at issue. Fed. R. Evid. 702. Federal courts have allowed the type of anticipated testimony under Fed. R. Evid 702's standards. *See e.g. United States v. Heller*, 2019 WL 5101472, at *2 (D. Colo. October 11, 2019) (delayed reporting); *Batton*, 602 F.3d at 1201-1202 (characteristics of sex offenders and their victims); *United States v. Whiteman*, 2022 WL 4857253, at *1-5 (10th Cir. 2022) (general characteristics of sexual abuse victims and offenders); *United States v. Antone*, 981 F.2d 1059, 1062 (9th Cir. 1992) (behavioral characteristics of child sex abuse victims); *United States v. Jones*, 2021 WL 5984901, *102 (9th Cir. 2021) (same); *United States v. Zephier*, 989 F.3d 629, 637 (8th Cir. 2021) (relying on "almost 30 years" of 8th Cir. precedent, including in the child sexual abuse context, to allow testimony on how adult sexual abuse victims respond and delay reporting); *United States v. Quintanilla,* 56 M.J. 37, 83-5 (Armed Forces App. 2001) (delayed reporting). Accordingly, the government will offer Ms. McAllister as an expert and seek to admit her

testimony at trial. Fundamentally, her specialized knowledge pertaining to sexual abuse will assist the jury in the current case.

## V.     The defendant's expert.

The defendant has endorsed an Dr. Karen Fukutaki as an expert "concerning the characteristics of falsely accused defendants." ECF 67, p. 18 (proposed jury instruction); ECF 73 (exhibit list). To date, the government has requested but not been given any disclosures under Fed. R. Crim. P. 16(b)(1)(C). *See* Ex. 2 (disclosure for motion to suppress hearing); *see also* ECF 7, p. 6 (formal request at discovery conference). As such, the government can only speculate as to the nature of the testimony and has concerns that her testimony could bear on the credibility in the same manner that concerned the court in *United States v. Adams*, 271 F.3d 1236, 1245 (10th Cir. 2001). The government requests the Court preclude the witness from testifying, both under Fed. R. Crim. P. 16 and under 702.

DATED this 30th day of January, 2023.

COLE FINEGAN
United States Attorney

By: */s/ Thomas Minser*
THOMAS MINSER
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Thomas.Minser@usdoj.gov
Attorney for the Government

By: */s/ Albert Buchman*
Albert Buchman
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Al.Buchman@usdoj.gov
Attorney for the Government

## CERTIFICATE OF SERVICE

I hereby certify that on 30th day of January, 2023, I electronically filed the foregoing **TRIAL BRIEF** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

By: */s/ Deana Ambrosen*
Legal Assistant
United States Attorney's Office