**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO**

Criminal Case No. 22-cr-208-RMR

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JOSE GALIANO,
    a/k/a JOSE GALIANO APAZA,

      Defendant.

---

**TRIAL BRIEF**

---

      Defendant Jose Galiano Apaza ("Defendant"), by and through counsel hereby submits his Trial Brief as follows:

I.     **Witnesses should refrain from using any terms that violate the Constitutional presumption of innocence.**

      Upon conferral, the Government has agreed that both the Government and witnesses will not refer to L.K. as the "victim." Similarly, other terms that suggest the same conclusion should also be excluded. Using such terminology violates the Federal Rules of Evidence, namely, Rule 403, and invades the province of the jury to decide whether there is, in fact, a victim, a perpetrator, and a crime/assault.  Use of such terms presupposes the ultimate issue and deprives Mr. Galiano of a fair trial.  *People v. Davis*, 73 A.D.2d 693, 423 (N.Y. App. Div. 1979) ("By referring in its charge to the complainant as the 'victim' and to the defendant as the 'perpetrator,' the court impermissibly insinuated to the jury that

the complainant was the victim of injuries resulting from acts committed by the defendant.")

At trial, the jury has the responsibility of deciding whether a crime occurred. Moreover, there is virtually no probative value in allowing the government to use conclusory language with witnesses. *See United States v. Ehrens*, 2015 WL 7758544 at *2 (W.D. Okla. Dec. 1, 2015). Restricting the use of such terminology does not prevent the government from describing any sexual encounters or from presenting any of its other evidence. The government and its witnesses remain free to refer to the night in question as the night of the accusation, or the first time they had sex, etc. s*ee United States v. Sena*, No. 19-CR-01432, 2021 (D.N.M. Sep. 9, 2021).

In *United States v. Sena*, the United States District Judge found the term "victim" "is prejudicial when the core issue at trial is whether a crime has been committed—and, therefore, whether there is a victim." 2021 U.S. Dist. LEXIS 170971, 2021 WL 4129247, at *1 (D.N.M. Sept. 9, 2021).  Also, the jury instructions should be particularly excluded from referring to L.K. as "victim #1" or using language that presupposes the crime occurred.  *Connecticut v. Cortes*, 84 Conn. App. 70, 851 A.2d 1230, 1239-40 (Conn. App. Ct. 2004), aff'd, 276 Conn. 241, 885 A.2d 153 (Conn. 2005) (holding that jury charges using the term "victim" instead of "alleged victim" violated a defendant's due process right to a fair trial).  *Talkington v. Texas*, 682 S.W.2d 674, 674 (Tex. App. 1984) (use of the term "victim" in court's *rape charge* was reversible error when the issue at trial was *whether complainant consented to sexual intercourse); People v. Davis*, 73 A.D.2d 693, 423 N.Y.S.2d 229, 230 (N.Y. App. Div. 1979) ("By referring in its charge to the complainant as the 'victim' and to the defendant as the 'perpetrator', the court impermissibly insinuated

to the jury that the complainant was the victim of injuries resulting from acts committed by the defendant.") The *Sena* Court further pointed out the almost complete lack of probative value to affirmatively allow the use of the term. *Id.* (citing *United States v. Ehrens*, No. CR-15-200-C, 2015 U.S. Dist. LEXIS 160744, 2015 WL 7758544, at *2 (W.D. Okla. Dec. 1, 2015). The prejudice resulting from the repeated use of any such conclusory term substantially outweighs any argued probative value. *Id.* (citing Fed. R. Evid. 403). See also, *United States v. Garcia-Limon*, No. CR 21-0032 RB, 2022 U.S. Dist. LEXIS 91443, at *1-3 (E.D. Okla. May 16, 2022).

Therefore, any use by the prosecution and its witnesses of the word "perpetrator," "crime," "assault," and similar terms at trial substantially outweighs the probative value of such terms and should be excluded. Fed. R. Evid. 403.

## II. The Government should be prevented from bolstering the testimony of L.K. through alleged Fed. R. Evid. 801(d)(1)(B) witnesses.

The Government has listed witnesses who are allegedly ready to rebut any inconsistency or credibility, or character issue raised by the Defense against the complaining witness.  The Defense acknowledges that their testimony could become relevant for these purposes under the Rules, but intended use is necessarily limited and such testimony be narrowly tailored to actually rebut whatever is addressed.

 Fed. R. Evid. 801(d)(1)(B) provides that evidence of prior consistent statements is admissible if offered: (i) to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying; or (ii) to rehabilitate the declarant's credibility as a witness when attacked on another ground. The Rule places limits on when prior consistent statements may be admitted: admissibility under the Rules is confined to those statements offered to rebut a charge of recent

fabrication or improper influence or motive. Prior consistent statements may not be admitted to counter all forms of impeachment or to bolster the witness merely because she has been discredited. The Rule speaks of a party rebutting an alleged motive, not bolstering the veracity of the story told. *United States v. Magnan*, 756 F. App'x 807, 825 (10th Cir. 2018).

While the Rule was amended in 2014, the amendment simply split 801(d)(1)(B) into subsections. The intent of the amendment is to extend substantive effect to consistent statements that rebut other attacks on a witness—such as the charges of inconsistency or faulty memory. The amendment, however, does not change the traditional and wellaccepted limits on bringing prior consistent statements before the factfinder for credibility purposes, and does not allow impermissible bolstering of a witness. *Id.* at 810. The Rule places limits on when prior consistent statements may be admitted: "admissibility under the Rules is confined to those statements offered to rebut a charge of recent fabrication or improper influence or motive." *Tome v. United States*, 513 U.S. 150, 157, 115 S. Ct. 696, 130 L. Ed. 2d 574 (1995) (quotations omitted). Additionally, "[t]he amendment does not change the traditional and well-accepted limits on bringing prior consistent statements before the factfinder for credibility purposes," and "does not allow impermissible bolstering of a witness." *Id.*

The government cannot rely on Fed. R. Evid. 801(d)(1)(B)(ii) as a "catchall" for the admission of prior consistent statements. Simply questioning credibility on cross examination, without more, does not warrant admission of all prior statements even after the 2014 amendment. Indeed, *Magnan* did not attempt to "attack[] [the witness' credibility] on another ground"—that is, he did not extract inconsistent statements or accuse the victims of misremembering the alleged abuses—so admitting the statements would not rehabilitate

4

the declarant's credibility. *See United States v. Cox*, 871 F.3d 479, 486 (6th Cir. 2017) (using the Advisory Committee's Note to 2014 Amendment to find that "another ground" within Rule 801(d)(1)(B)(ii) included "faulty memory" and admitting a prior consistent statement *after* the defendant attacked the victim's purportedly faulty memory); *United States* v. J.A.S., Jr., 862 F.3d 543, 545 (6th Cir. 2017) (finding the grounds for admission of evidence pursuant to Rule 801(d)(1)(B)(ii) sufficiently met where the defendant sought to impeach the victim on collateral grounds and the defendant's counsel cross-examined the victim); *Berry v. Beauvais*, No. 13-CV-2647-WJM-CBS, 2015 U.S. Dist. LEXIS 119974, 2015 WL 5244892, at *2 (D. Colo. Sept. 9, 2015) (referencing the Advisory Committee Commentary to 2014 Amendment in cabining the applicability of Rule 801(d)(1)(B)(ii) to "[a]s before, prior consistent statements under the amendment may be brought before the factfinder only if they properly rehabilitate a witness whose credibility has been attacked"). *United States v. Magnan*, 756 F. App'x 807 at 818-19.

In deciding that prior inconsistent statements should not have been admitted, the Court in *Magnan* specifically found that counsel for the Defendant at no point expressly or impliedly asserted that the victims had recently fabricated their testimony. His attacks were limited to asking whether the victims told others the abuse was occurring, asking about their drug and alcohol use, and asking about their legal troubles. Because Magnan's counsel did not imply that the victims' stories were recently fabricated, there was nothing for the government to rebut. *United States v. Magnan,* 756 F. App'x 807 at 817.

It is a requirement of the Rule that the consistent statements must have been made before the alleged influence, or motive to fabricate, arose. *Tome v. United States,* 513 U.S. at 158; *United States v. Magnan*, 756 F. App'x 807 at 817-18. Even if the Court were to permit certain prior consistent testimony to be admitted pursuant to Fed. R. Evid.

801(d)(1)(B), it must first determine what prior consistent statement is admissible, when the statement was made, and if the statement was made before the alleged influence, or motive to fabricate, arose. *United States v. Burgess*, No. CR-20-132-RAW, 2021 U.S. Dist. LEXIS 111813, at *5-6 (E.D. Okla. June 15, 2021) states the trial court must ascertain the type of impeachment that has been attempted, and then evaluate whether the prior consistent statements offered for admission would actually rehabilitate the declarant's credibility as a witness. *See United States v. Magnan*, 756 Fed. Appx. 807, 818 (10th Cir.2018).

### III. The Government should be excluded from introducing evidence disparaging his race or culture or other impermissible insinuations (i.e., that the Defendant was dating L. K. so that he could marry her and as a way to stay in the country).

Notably, the Government has already stipulated that it will not be introducing testimony stating or insinuating that Mr. Galiano is predisposed to sexual or physical violence in any way on account of his Hispanic race or Peruvian culture, as had been stated in witness interviews. However, in disclosures from the Government, a witness may testify that Mr. Galiano once stated (disputed) that he could marry L.K. to "stay in the country." This testimony has no probative value and runs the risk of being unduly prejudicial against Mr. Galiano, who is a foreign national.  The same should be preliminarily excluded under Fed. R. Evid. 403 prior to risking the witness testifying to the same at trial.

### IV. Witnesses should be excluded from speculating about why L.K. recalls bleeding immediately after having sex with Defendant under Fed. R. Evid. 403.

L.K. states that she bled vaginally during and following the August 2020 sexual encounter with Mr. Galiano. The Government objects to the admissibility of L.K. being a virgin before this sexual encounter. It is anticipated that several of the witnesses, and

possibly L.K. herself will speculate about why she may have bled.  L.K. was not given a SANE exam, no injuries have ever been identified which would cause such alleged bleeding, nor has she ever sought medical treatment for the alleged bleeding described in her interviews. As such, any testimony regarding her memory that she bled is more prejudicial than probative and should be excluded.  Such multiple-day bleeding will violate Fed. R. Evid. 403, as it will predictably lead the jury to speculate that bleeding was somehow caused by an extremely rough sexual encounter with deep wounds or sudden hemorrhaging which are unsupported by the facts and unsupported by any medical testimony. The Government cannot simultaneously intend to introduce testimony of blood while also objecting to her self-proclaimed status as a "virgin."  The simplest remedy is for the testimony regarding bleeding to be excluded.

### IV. The Government And Defendant Are Attempting To Collaborate On A Redacted Version Of The Defendant's Interrogation Video

 The Parties have been collaborating on a redacted video of the recorded interrogation which the Government intends to introduce at trial (over Defendant's continuing objection).  This Court has already ruled on Defendant's *Motion to Suppress*, however, there are additional inadmissible statements contained within the interview. Most larger issues have been stipulated, but any issues which remain outstanding the Parties have agreed to reserve for hearing.  The Defense objects to statements made which are impermissible under 404B, 802, 805, 602, 403, 702, and 402. The spreadsheet of redactions proposed is reserved and attached hereto as Ex. 1 to which much has been agreed-upon. These same objections identified are reiterated herein with respect to any live corresponding witness testimony.

**V.**      Defendant reserves remaining objections to witness testimony and exhibits during trial including any prior or subsequent character evidence of Defendant, statements relating to the no contact order, and any other objection allowed under the Federal Rules.

Respectfully submitted,

s/Michon Hughes
Michon L. Hughes, OK Bar # 22184
15 W. 6th St., Ste. 2800
Tulsa, OK 74119
Phone (918) 592-1144
Fax      (918) 576-6907
Michonhughes@outlook.com
*Co-Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2023, I electronically transmitted the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.
s/ Michon L. Hughes