THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-208-RMR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.     JOSE GALIANO,
        a/k/a JOSE GALIANO APAZA,

    Defendant.

### DEFENDANT'S BENCH BRIEF ON INTERROGATION REDACTIONS

COMES NOW, Defendant Jose Galiano by and through counsel for his Bench Brief as requested by this Court with evidentiary rules to support its position. In support of this *Brief*, Defendant provides as follows:

### Authority:

The Defendant's objections to the remaining disputed provisions are under Federal Rules of Evidence 404(b), 403, 802, and 602 as further discussed below. The other objection is based upon the rule of completeness Fed Rules Civ Proc R 32 (6).

An improperly redacted interrogation video can serve as grounds for a mistrial. *Hollingshead v. Kansas*, No. 13-3148-SAC, 2015 U.S. Dist. LEXIS 21716 (D. Kan. Feb. 24, 2015). "when one is put on trial, one is to be convicted – if at all – by evidence which shows one guilty of the offense charged; and proof that one is guilty of other offenses not connected with that for which one is on trial must be excluded." *Lott v. State*, 98 P.3d at 334 (citing *Burks v.*

*State*, 594 P.2d at 772). See also *Boyd v. Patton*, No. 11-CV-006-GKF-TLW, 2014 U.S. Dist. LEXIS 39079, at *74 (N.D. Okla. Mar. 25, 2014).

**Adoptive admissions.** The Government tries to assert that any statement made by Detective Moss or SA Brandt must be included because the Defendant's failure to deny is an adoptive admission. Although in some cases a statement without denial can be a tacit admission in a voluntary interrogation, in this case that would be improper. First, Jose Galiano made a blanket statement prior to these "tacit admissions" which made clear : "Even if I hear you and do not say anything it does not mean I agree." INV_380. The Government cites to *U.S. v. Wolf* to support its claim of adoptive admission. That case is off point. The statement in *Wolf* was admissible "under the co-conspirator exception" not because of silence. *United States v. Wolf*, 839 F.2d 1387, 1395 (10th Cir. 1988).[1]

The Court conducted an initial hearing to determine the admissibility of the statement. Although this Court found that the interview was voluntary for purposes of presenting it to the jury, it is now up to the jury to determine the voluntariness. See FED. R. ED. 104(c): "Hearings on the admissibility of confessions shall in all cases be conducted out of the hearing of the jury."

It would be wholly misleading to allow the Government to argue to the jury that every single fact/statement made by the investigator not expressly denied must be taken as true when 1) the detectives rambled for minutes at a time, 2) it is obvious that the Defendant did not understand everything they were saying, 3) there is no evidence that Defendant did actually hear and understand what the detectives were saying, and 4) it was the investigator's choice not to get a translator to assist in the interview.

---

[1] Further complicating this doctrine, the paragraphs of conversations cannot all be considered admissions; the prosecution then can pick and choose which statements made it wishes to claim are admissions. These are inadmissible in Court as compound questions. Fed. R. Evid 403.

Moreover, the detectives attempted repeatedly to get Defendant Galiano to agree that being silent would mean they do not have the facts wrong with their specialized knowledge that the same would be used in court against him:

Moss: - - and then maybe you can tell me if that's right or wrong.  Is that fair?

GALIANO:  Uh-huh.
[INV_380].

Moss:  Yeah.  No, that's fine.  And just tell me if - - if I have something wrong too, just tell me.  I'm just trying to verify to make sure that I do have it correct.  Um, 'cause that's my understanding, you know, from talking to everyone.

GALIANO:  Yeah, but I - - even if I had something wrong like I don't wanna talk about it.

*********************************

MOSS: "And just tell me if I have something wrong . . . "

GALIANO:  "No, no.  If there is something wrong like, it's - - I - - I don't wanna - - I (inaudible – 00:24:14), uh, I just don't wanna say anything that I - - that I pro - - probably in the future can be misunderstood."
[INV_381]

**************************

Defendant Galiano attempted to respectfully invoke his right to remain silent by repeatedly telling the officers he did not want to talk.  (See *Motion to Suppress*, filed October 24, 2022, Docket 26.  Neither his silence nor his nonresponsive answers can be deemed "admissions".

**Defense Objection #1:**

Moss: "I think a mistake was made.  **I think you did hurt [L.K.],** I don't necessarily think you intended to hurt [L.K.]."

Galiano: "I think there's not much I can say about what I think."

3

The Government believes this should stay in because they are labeling it an "adoptive admission." What is unclear is which part of what Detective Moss "thinks" does the Government believe Galiano's response is adopting with his clear statement that he is invoking, or at least attempting to invoke, his Fifth Amendment right not to answer the question? U.S. Const. 5th Amend.

The Defendant's specific objection is to Moss' statement now telling the jury that <u>she believes</u> L.K. was hurt; she is vouching for L.K. The other statements are objectionable for the same reason, but the jury will see Moss as an experienced authority figure who is vouching for another witness' veracity. Federal Rules of Evidence 608(A). This is improper bolstering and should be excluded.

**Defense Objection #2:**

Special Agent Brandt not only bolsters the complaining witness, her version of events, if presented to the jury, is wholly misleading and confusing and should be excluded under 403.

> First "**We know you guys agreed you would never say anything about it. And there's only one person who could have told me that . . .**"

This sentence is hearsay and double-hearsay and should be excluded under 802, 805. L.K.'s statement of an agreement to the investigators is the first level of hearsay. L.K.'s "agreement" with Defendant would be another level of hearsay as it involves her prior statement to agree. This is also prejudicial because there is no context and leaves the jury to speculate wildly about when such an agreement would have taken place. Federal Rules of Evidence 403.

4

Second: "**Maybe it can be related with experience I had before. Maybe it can be related with the relationships that Angie talked about in Peru which are - which are different than here. And I agree with Angie.**"[2] …. "**So experience I had in my past relationships took me to the situation that I had that night.**"

This section clearly is pointing to a racist propensity argument which absolutely falls under 404 and must be redacted. The second part vaguely references his "past relationships" and "experience" which must be excluded under 404(b). Otherwise, the Defense will be required to put on rebuttal evidence to prevent wild speculation by the jury as to what Defendant meant by this.

**Defense Objection #3:**

"**With your past experiences that you were kind of talking about, is it almost like when the girl says … no no, but in a way they want you to keep going, … almost in a dominated type situation?**"

Defendant objects to this under 404(b). The Government failed to timely provide proper notice of its intent to offer any evidence of prior bad acts as required by the Rules of Evidence. Federal Rule of Evidence 404(b)(3) provides in full:

> **(3)** *Notice in a Criminal Case.* In a criminal case, the prosecutor must:
>
> **(A)** provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
>
> **(B)** articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and

---

[2] The El Paso County Sheriff's Office *transcription* of Cadet Galiano's interview specifically is replete with error. The quoted provisions here cite to the transcript but are corrected per the video recording. (The Defendant has a highlighted and interlineated corrected transcript.)

5

**(C)** do so in writing before trial — or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

The prosecution has given no such notice. As such the evidence must be excluded.

Additionally, if this Court disagrees, and if this character evidence is introduced, Galiano will absolutely have to rebut the same by calling additional witnesses. The government gave no notice of its intent to introduce past character evidence and the Defense is not prepared to rebut character evidence. The Government states that the "past experience" is not specific. The Government is skipping the first step (404(b)) and misstating the Defendant's objection as one under 405. Character evidence does not have to be "specific" to be excluded under 404(b). This is clearly alleging propensity and must be excluded.[3] The Government further argues that 404(b) should be waived because Defendant brought it up in the interview first. The Government notably cites no authority to support their theory of waiver of 404(b) where the Defendant "said it first".

**The Government's Objection (4th contended redaction):**

The Government proposes to redact a significant and crucial portion of the interview without citing to any actual rule of evidence. The Government proposes this as the Defendant's objection, but it is not. The soliloquy by Detective Moss played an important role in manipulating Defendant into telling them what they wanted to hear. There is no reason to redact Moss' soliloquy; under the rule of completeness this portion must be included to ensure fair and impartial admission of the evidence, to provide context, and especially to avoid misleading the jury as to why Galiano said what he said just a few minutes after. *U.S. v Lopez-Medina*, 596 F.3d 716, 735 (10th Cir. 2010). The government is attempting to remove context in the most crucial part of the video interview which would

---

[3] The Government's brief indicates that this exchange is about 11 minutes long. That seems incorrect.

drastically minimize for the jury the actual effect of the experience for the Defendant. The Government wishes to remove this portion because Moss' soliloquy validates Galianos' difficulties speaking a foreign language and serves as an admission on her part that she understood how hard it was for him to be in this country under these circumstances. Moss manipulates Galiano by telling him what she has learned and seen in her investigation and invokes emotion in him by reminding him of the details of a relationship he is still grieving. This cannot be removed on the sole grounds that the Government does not want the jury to hear it. It is relevant and certainly must be allowed to show the effect on the listener. Although not Tenth Circuit law, the reasoning for allowing the jury to see and experience the interrogation as much in full as possible is illustrated and discussed in the cases which address the police's use of misrepresentation including that of the victim's current condition in order to extract a confession. See e.g. *In re Walker*, 10 Cal. 3d 764, 518 P.2d 1129, 112 Cal. Rptr. 177 (1974); *State v. Cooper*, 217 N.W.2d 589 (Iowa 1974). Although waiver has already been ruled upon, the jury is being asked to determine the voluntariness of Galiano's statement. Thus, the foundation of voluntariness is worth repeating: "any evidence that the accused was threatened, tricked, or cajoled into a waiver will, of course, show that the defendant did not voluntarily waive his privilege." *Miranda v. Arizona*, 384 U.S. 436, 476 (1966) ).

The portion where Galiano is sharing his concern about being foreigner in America and wondering why he's even here sheds insight into his state of mind during this interview. The jury cannot assess the voluntariness of Galianos' "admission" if they are not allowed to see, hear and experience Galiano's feelings of vulnerability as a foreigner being interrogated without a lawyer in a country to which he was invited, and listen to his

7

own introspection which shows how defeated he was feeling. It is important to keep in mind that Galiano was not offered a translator and the more the jury is allowed to hear him talk in this video the more they will understand how to weigh the voluntariness of his "admission."

**Defense objection #5:**

**Moss: "But you're one of the few who has owned up to it - you know what? I screwed up. I'll tell you I screwed up and I'll tell you I learned from it."**

Galiano: "If I decide not to answer that question something bad is going to happen."

(this statement should not be redacted)

Galiano's response shows that his mind is still thinking of the question before him. The detectives never rejected Galiano's repeated notice to them that his silence would not mean he agrees, ("even if I hear something wrong…"), there is no indication that he even heard what Moss said - which was not even a question. Moss' statement implies that Galiano has already confessed.  This is extremely misleading and prejudicial to the jury. The jury will almost certainly assume that Moss knows something they do not know. This statement must be excluded under Federal Rules of Evidence 403 and 404(b).

**Defense objection #5:**

Defense does not object to all of the text included by the government.  Although the Defense would prefer to exclude more, the good-faith objections are limited to the bolstering and hearsay and the out-of-context implications that "completely understanding" Peruvian culture intended. Here, Moss improperly bolsters another testifying witness by concluding "she completely understands your language and your culture." Moss' statement is doubly excludable under multiple layers of 602. Not only is

Detective Moss assuming that Angie Maravi speaks fluent Peruvian Spanish with no foundation for such knowledge laid, but she is also attempting to bolster her credibility as a witness as though she has better, different insight than any other witness could have and thus should be believed by the jury. Even Angie Maravi cannot conclusorily testify that she "completely understands" Peruvian language and culture without laying sufficient foundation for the same.

Angie's statements are hearsay and should be excluded under 802: " she said that you had told her what happened between you and um you know she said that you definitely did feel sad about what had happened and felt guilty about the situation." The government is attempting to introduce a statement by a witness for the truth of the matter asserted and the same is admissible under the Federal Rules of Evidence 802.

The Government's main objection is that this portion of the interview is needed to corroborate that Galiano had a conversation with Angie. Such need for corroboration is already met upon a proper redaction of the portions which are inadmissible under the Federal Rules of Evidence.

WHEREFORE, Defendant Jose Galiano respectfully requests this Court redact the above-identified segments of the interview pursuant to the Federal Rules of Evidence, and to leave the remaining parts in controversy as discussed above which are absolutely necessary to give context to the Defendant's statements being used against him under 801(d)(2).

                    Respectfully submitted,

                    <u>s/Michon Hughes</u>
                    Michon L. Hughes, OK Bar # 22184
                    15 W. 6th St., Ste. 2800
                    Tulsa, OK 74119
                    Phone (918) 592-1144

Fax	(918) 576-6907
Michonhughes@outlook.com
*Co-Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

 I hereby certify that on February 5, 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrant(s):

Thomas Misner
Thomas.Minser@usdoj.gov
Al Buchman
Al.Buchmean@usdog.gov

s/ Michon L. Hughes