# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Regina M. Rodriguez

Criminal Action No. 1:22-cr-00208-RMR-1
UNITED STATES OF AMERICA,

      Plaintiff,

v.

**(1) JOSE GALIANO**,

      Defendant.

---

## FINAL JURY INSTRUCTIONS

---

**ORIGINAL**

## INSTRUCTION NO. 1
### Introduction to Final Instructions

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case—for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdict you may return. These instructions will be given to you for use in the jury room, so you need not take notes.

**INSTRUCTION NO. 2**
**Duty to Follow Instructions**

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

**INSTRUCTION NO. 3**
**Presumption of Innocence - Burden of Proof – Reasonable Doubt**

The government has the burden of proving the defendant guilty beyond a reasonable doubt. You must presume the defendant is not guilty. That presumption remains with the defendant throughout every stage of the trial. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

## INSTRUCTION NO. 4
### Evidence – Defined

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

## INSTRUCTION NO. 5
## Evidence – Direct and Circumstantial – Inferences

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

**INSTRUCTION NO. 6**
**Credibility of Witnesses**

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

The defendant did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt. I want you to clearly understand, please, that the Constitution of the United States

grants to a defendant the right to remain silent. That means the right not to testify or call any witnesses. That is a constitutional right in this country, it is very carefully guarded, and you should understand that no presumption of guilt may be raised and no inference of any kind may be drawn from the fact that a defendant does not take the witness stand and testify or call any witnesses.

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

**INSTRUCTION NO. 7**
**Impeachment by Prior Inconsistencies**

You have heard the testimony of certain witnesses. You have also heard that, before this trial, he or she made a statement that may be different from his or her testimony here in court.

This earlier statement was brought to your attention only to help you decide how believable his or her testimony in this trial was. You cannot use it as proof of anything else. You can only use it as one way of evaluating his or her testimony here in court.

**INSTRUCTION NO. 8**
**Non-Testifying Defendant**

The defendant did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt. You must understand that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify. That is a constitutional right in this country, it is very carefully guarded, and you must not presume or infer guilt from the fact that a defendant does not take the witness stand and testify or call any witnesses.

**INSTRUCTION NO. 9**
**Expert Witness**

During the trial you heard the testimony of Jean McAllister who expressed opinions concerning characteristics of sexually abused individuals. In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

**INSTRUCTION NO. 10**
**On Or About**

You will note that the Indictment charges that the crime was committed between in or about August 1 of 2020 and August 6 of 2020. The government must prove beyond a reasonable doubt that the defendant committed the crime reasonably near that time period.

## INSTRUCTION NO. 11
### Caution—Punishment

If you find the defendant guilty, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict.

**INSTRUCTION NO. 12**
**Caution—Consider Only Crime Charged**

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or crime not charged in the indictment.

**INSTRUCTION NO. 13**
**Voluntariness of Statement by Defendant**

Evidence has been presented about a statement attributed to the defendant alleged to have been made after the commission of the crime charged in this case but not made in court. Such evidence should always be considered by you with caution and weighed with care. You should give any such statement the weight you think it deserves, after considering all the circumstances under which the statement was made.

In determining whether any such statement is reliable and credible, consider factors bearing on the voluntariness of the statement. For example, consider the age, language competence, gender, training, education, occupation, and physical and mental condition of the defendant, and any evidence concerning his treatment while under interrogation if the statement was made in response to questioning by government officials, and all the other circumstances in evidence surrounding the making of the statement.

After considering all this evidence, you may give such weight to the statement as you feel it deserves under all the circumstances. If you determine that the statement is unreliable or not credible, you may disregard the statement entirely.

## INSTRUCTION NO. 14
### Indictment

Between in or about August 1, of 2020, and August 6, of 2020, in the State and District of Colorado, within the boundaries of the United States Air Force Academy, an area within the special maritime and territorial jurisdiction of the United States, the defendant, Jose Galiano, did knowingly cause L.K. to engage in a sexual act, to wit: contact between the penis and the vulva, by using force against L. K.

All in violation of Title 18, United States Code, Section 2241(a)(1).

**INSTRUCTION NO. 15**
**Elements**

In order to prove the defendant guilty of Aggravated Sexual Abuse in violation of Title 18, United States Code, Section 2241(a)(1), the government must prove each of the following elements beyond a reasonable doubt:

***First***: The defendant caused L.K. to participate in a sexual act;

***Second***: The defendant used force against L.K.;

***Third***: The defendant did these acts knowingly; and,

***Fourth***: The acts occurred within the special maritime and territorial jurisdiction of the United States.

The term "sexual act" means contact between the penis and the vulva, involving penetration however slight.

## INSTRUCTION NO. 16
### Knowingly

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

## INSTRUCTION NO. 17
### Force

You may find that the defendant's conduct involved aggravated sexual abuse if you find that he used force during the alleged sexual assault. To establish force, the government need not demonstrate that the defendant used actual violence. The requirement of force may be satisfied by a showing of restraint sufficient to prevent the victim from escaping the sexual conduct.

### INSTRUCTION NO. 18
### Stipulated Facts

The government and the defense have stipulated – that is, they have agreed – that certain facts have been proven beyond a reasonable doubt.

In this case, the parties have stipulated that:

1. The United States Air Force Academy (USAFA) is an area within the special maritime and territorial jurisdiction of the United States of America.

## INSTRUCTION NO. 19
## Duty to Deliberate—Verdict Form

In a moment a security officer will escort you to the jury room and provide each of you with a copy of the instructions that I have just read. Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous as to Count 1 of the Indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. You must decide whether the government has proved the defendant guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for Count 1 of the Indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the security officer. I will either reply in writing or bring you back into the court to respond to your message. Under no circumstances should you reveal to me the numerical division of the jury.

**INSTRUCTION NO. 20**
**Communication with the Court**

If you want to communicate with me at any time during your deliberations, please write down your message or question and give it to the security officer who will bring it to my attention. I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, that with any message or question you might send, you should not tell me any details of your deliberations or indicate how many of you are voting in a particular way on any issue.

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial, was meant to suggest to you what I think your decision should be. That is your exclusive responsibility.